**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JOEL CHRISTOPHER KING, #1139260,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-1131-P |
| | ) | |
| **DOUGLAS DRETKE, Director, Texas** | ) | |
| **Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined at the Clements Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Amarillo, Texas. Respondent is the Director of TDCJ-CID. The court has not issued process in this case.

Statement of Case: On December 4, 2002, Petitioner was convicted of possession of a controlled substance in the 283 Judicial District Court of Dallas County, Texas, in cause numbers F02-49131-LT and F02-49132-LT. Punishment was assessed at fifty and twenty years imprisonment respectively. (Petition (Pet.) at 2). Petitioner appealed. (Id. at 3). On November 26, 2003, the Fifth District Court of Appeals at Dallas affirmed the convictions and sentences.

King v. State, Nos. 05-02-02012-CR and 05-02-02013-CR (Tex. App. -- Dallas Nov. 26, 2003, no pet.).

On October 21, 2004, Petitioner filed in the convicting court two state applications for writ of habeas corpus, pursuant to art. 11.07, Texas Code of Criminal Procedure, challenging the convictions at issue in this case. (See Attachment I for certified copies of the first page of the art. 11.07 applications). On December 15, 2004, the Texas Court of Criminal Appeals (TCCA) denied each application without written order. Ex parte King, Nos. WR-60,716-01 and -02, www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=230855 and 230856 (Docket Sheet information generated from the Texas Judiciary Online – Court of Criminal Appeals).[1]

In his federal petition, filed on June 1, 2005, Petitioner alleges that the trial court erred in instructing the jury regarding enhancement of the sentence when it had previously agreed to dismiss the enhancement paragraphs, and that trial counsel was ineffective in failing to object to the above jury instruction. (Pet. at 7).[2]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

---

[1] The petition incorrectly notes that the art. 11.07 were filed on November 22, 2004, which was the date on which they were received by the Texas Court of Criminal Appeals. Ex parte King, Nos. WR-60,716-01 and -02.

[2] For purposes of this recommendation, the petition is deemed filed on May 27, 2005, the date Petitioner signed the same and purportedly placed it in the prison mail. See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

2

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. See id. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Thus, the court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A).

Petitioner's convictions became final on December 26, 2003, thirty days after the Court of Appeals affirmed the judgments of conviction. See TEX. R. APP. P. 68.2(a) (effective September 1, 1997).[3] The one-year period began to run on December 27, 2003, the day after his

---

[3] While Petitioner sought an extension of time to file a petition for discretionary review, he did not do so until long after a mandate issued on his direct appeal. As a result, TCCA denied the motion for extension on August 4, 2004. See King v. State, No. 05-02-02012-CR, http://www.courtstuff.com/FILES/05/02/05022012.HTM (Docket Sheet Information generated from the Fifth Court of Appeals on July 13, 2005).

convictions became final. As of October 21, 2004, the date on which the Dallas County District Clerk filed the art. 11.07 applications (see Attachment I and note 1 *supra*), 300 days of the one-year limitation period had elapsed. The state applications remained pending until December 15, 2004, during which time the one-year period was tolled pursuant to 28 U.S.C. § 2244(d)(2). See also Sonnier v. Johnson, 161 F.3d 941, 944 (5th Cir.1998); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir.1998). The one-year period resumed running on December 16, 2004, and expired 65 days later on February 18, 2005-- more than 98 days before Petitioner filed the federal petition in this case on May 27, 2005. Therefore, the federal petition is time barred absent equitable tolling.

In order to allow Petitioner to show whether equitable tolling applied to his case, the magistrate judge filed an order on August 26, 2005, requesting him to show cause why his petition should not be dismissed as time barred. As of the date of this recommendation, Petitioner has not responded to the show cause order.[4]

Nevertheless his pleadings, even when liberally construed in accordance with his *pro se* status, do not present "rare and exceptional circumstances," Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998), nor that he diligently pursued his rights, United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000). "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Moreover, Petitioner's own allegations reflect that he did not pursue "the process with diligence and alacrity." Phillips v. Donnelly, 216 F.3d 508,

---

[4] Since the filing of the August 26, 2005 order, Petitioner has filed only a second motion for leave to proceed *in forma pauperis* (IFP). See September 14, 2005 Mot for IFP. This motion should be denied as moot in light of the previous order granting IFP status.

511 (5th Cir. 2000), reh'g granted in part, 223 F.3d 797 (5th Cir. 2000).  He not only delayed the filing of his art. 11.07 application by ten months, but he also waited five and one-half months, following the denial of his art. 11.07 application, before submitting this federal petition for filing.  These delays – clearly of Petitioner's own making – do not evince due diligence. "[E]quity is not intended for those who sleep on their rights.  Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999).  Therefore, the court concludes that Petitioner is not entitled to equitable tolling.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court dismiss the habeas corpus petition as barred by the one-year statute of limitations.  See 28 U.S.C. § 2244(d).

It if further recommended that Petitioner's second motion for leave to proceed *in forma pauperis*, filed on September 14, 2005, be denied as moot.

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed November 7, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT I**